UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14228-CIV-MARTINEZ/MAYNARD

HOWARD COHAN,

    Plaintiff,

v.

MORNING STAR MANAGEMENT LLC,
d/b/a La Quinta,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Plaintiff's Motion for Entry of Final Default Judgment Against Defendant ("Motion"). DE 9. No response in opposition has been timely filed. Presiding U.S. District Judge Jose E. Martinez has referred this Motion to me for appropriate disposition. DE 10. Having reviewed the record and being otherwise fully advised, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART** for the reasons set forth below.

## BACKGROUND

This case is brought under the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. ("ADA"). Plaintiff has numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. DE 1 ¶ 7. As a result of his disabilities, Plaintiff suffers pain, body weakness, limitations, and substantial restrictions in movement. *Id.* at ¶ 13. Plaintiff acts as a "tester" who visits places

of public accommodation to test the property's accessibility for persons with qualified disabilities in compliance with the ADA's requirements. [DE 1 ¶ 8]. Defendant is the "lessee, operator, owner and/or lessor" of a La Quinta hotel located at 2655 Crossroads Parkway, Fort Pierce, Florida 34945 ("Premises"). *Id.* at ¶ 4.

On April 26, 2022, Plaintiff visited Defendant's Premises and determined that he was "denied full and equal access and full and equal enjoyment" of the Premises and its amenities. *Id.* at ¶ 8. Specifically, based on a preliminary inspection, Plaintiff asserts that the on-Premises men's restroom, food service, and passenger drop-off areas all fail to adhere to readily accessible and usable standards for disabled individuals. *Id.* at ¶¶ 25-34, 36-37. Plaintiff asserts that fixing these violations is "readily achievable" and that Plaintiff will "absolutely return" to the Premises when it becomes ADA-compliant. *Id.* at ¶¶ 9, 31.

On June 22, 2022, Plaintiff filed his Complaint alleging that Defendant has violated the ADA. DE 1 at ¶¶ 25-28, 36-37. As relief, Plaintiff seeks a declaratory judgment that Defendant's Premises violates the ADA, a Court order requiring Defendant to remedy the Premises' deficiencies, and an award of reasonable attorneys' fees and costs. *Id.* at ¶ 38.

According to an Affidavit of Service filed in the record, Defendant was duly served with process on August 3, 2022, making a responsive pleading due by August 24, 2022. DE 4. Defendant did not timely respond. On September 14, 2022, a Clerk's Default was entered based on Defendant's failure to appear, answer, or otherwise respond to the Complaint as required by law. DE 6. That same day, the presiding U.S. District Judge issued an Order on Final Default Judgment Procedure requiring Defendant to respond to the Complaint by September 28, 2022 or else run the risk of a default final judgment. DE 7. Plaintiff was simultaneously ordered to file a motion for final default judgment by October 5, 2022. *Id.*

On October 5, 2022, Plaintiff filed the instant Motion seeking a final default judgment against Defendant. DE 9. Plaintiff seeks a Court order declaring that Defendant's Premises violate the ADA; requiring Defendant to alter its Premises to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA within six (6) months; and awarding attorney's fees and costs in the amount of $5,550.50. *Id.* In support of the Motion, Plaintiff attached the signed, sworn declaration of Plaintiff's counsel of record, Jason Weiss, with an attached affidavit of time and costs expended in this action. DE 9-1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets out a two-step process for obtaining default judgment. First, if a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2).

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). However, the Court must determine conclusions of law and a default judgment may be entered only if there is a sufficient basis to state a claim. *Mierzwicki v. CAB Asset Management LLC*, No. 14-61998-Bloom/Valle, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014).

To determine if a movant is entitled to default judgment, the Court must review the sufficiency of the complaint. *See U.S. v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu*, 515 F.2d at 1206). While a complaint "does not need detailed factual allegations," a

plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the admitted facts are sufficient to establish liability, the court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## DISCUSSION

Consistent with the foregoing legal framework, I will first discuss Defendant's liability to Plaintiff for purposes of entering final default judgment before turning to the matter of fees and costs.

**A.     Liability - ADA**

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a valid ADA claim, a plaintiff must allege that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)). "Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is readily achievable." *Hoewischer v. Park Shopping, Ltd.*, 2011 WL 4837259, at *2 (M.D. Fla. Oct. 12, 2011) (quoting *Pinero v. 4800 W. Flagler, LLC*, No. 09-21349-Seitz/O'Sullivan, 2011 WL 346082, at *3 (S.D. Fla. Jan. 11, 2011)).

Here, Plaintiff alleges that he suffers from a qualified disability under the ADA. DE 1 at ¶ 7. Further, Plaintiff alleges that Defendant owns, leases and operates a place of public accommodation and is thus required to rectify the asserted violations and maintain the Premises to be ADA-compliant. *Id.* at ¶ 4; *see* 42 U.S.C. § 12181(7)(A) (statutory provision providing that "an inn, hotel, motel, or other place of lodging" is a place of public accomodation under the ADA). Finally, Plaintiff alleges that Defendant discriminated against him within the meaning of the ADA and he specifies the exact provisions of the ADA that Defendant has violated. DE 1 at ¶¶ 25, 26 and 27. I thus find that Plaintiff has stated a valid claim for relief under the ADA.

Plaintiff seeks equitable relief against Defendant in that he seeks an injunction requiring Defendant to modify the Premises to accommodate disabled persons. "A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006).

Plaintiff seeks a permanent injunction that requires Defendant to take all necessary steps to bring its Premises located at located at 2655 Crossroads Parkway, Fort Pierce, Florida 34945 into full compliance with ADA requirements within six (6) months so that this property is fully accessible to disabled individuals. Plaintiff has identified ten (10) separate ADA violations in and around the men's restroom, two (2) separate ADA violations in the food service area, and one (1) ADA violation in the passenger drop-off area. *Id.* at ¶¶ 25-28. In addition, according to Plaintiff's Complaint, if Defendant modifies the Premises to be ADA-compliant, then Plaintiff will be given

equal access to and equal enjoyment of the Premises and his injury-in-fact will be redressed. *Id.* at ¶¶ 9, 10, 11 and 12. Plaintiff also claims his intention to avail himself of the services offered at the Premises in the future if Defendant modifies the Premises or modifies the policies and practices to accommodate individuals with physical disabilities. *Id.* at 9. Thus, Plaintiff has sufficiently alleged he has suffered an injury-in-fact caused by Defendant's failure to comply with the ADA and that the injury-in-fact can be remedied through Court intervention. The remedy sought will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at the Premises. Plaintiff is thus entitled to the relief he seeks.

In sum, the Complaint alleges that Plaintiff suffers from numerous disabilities which substantially restrict his life activities and that Defendant operates and controls a La Quinta inn located in Ft. Pierce. Defendant violated the ADA by failing to maintain its Premises in a manner accessible to disabled consumers. Because "a defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," Plaintiff's request for injunctive relief warrants entry of a final default judgment in Plaintiff's favor. *See Eagle Hosp. Physicians*, 561 F.3d at 1307.

**B.      Attorney's Fees**

Having found that Plaintiff is entitled to a final default judgment, I turn next to his request for attorney's fees and costs. Plaintiff seeks to recover fees for 7.5 hours of work performed by attorney Jason Weiss at an hourly rate of $375 plus 1.6 hours of paralegal work at an hourly rate of $175, for a combined total of $3,092.50 in fees. DE 9-1 at 3-4.

A successful ADA plaintiff can recover a "reasonable attorney's fee, including litigation expenses, and costs." *See* 42 U.S.C. § 2000a-3(b); 42 U.S.C. § 12205. Courts in the Eleventh Circuit use the "lodestar" method to calculate an objective estimate of the value of an attorney's

services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under this method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Importantly, courts may not "be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). In awarding attorney's fees, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1. Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *Barnes*, 168 F.3d at 427.

Here, the relevant legal community is South Florida. In determining reasonable hourly rates in the relevant legal market, courts consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).[1] Additionally, courts may consider their "own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

While Plaintiff did not provide any information regarding Mr. Weiss' educational and professional background in support of the requested $375 hourly rate, the Florida Bar website confirms that Mr. Weiss graduated from University of Miami Law School in 2000, and has been practicing law for 22 years. *See* State Bar of Florida, Member Profile of Jason S. Weiss, https://www.floridabar.org/directories/find-mbr/profile/?num=356890 (last visited December 15, 2022). In addition, Mr. Weiss is the Managing Partner of Weiss Law Group, PA and is a member of the Florida Bar and the Bar of this District. *See Weiss Law Group, PA*, "Introducing Jason S. Weiss, Esq.," https://www.jswlawyer.com/about/#tab-id-2 (last visited December 15, 2022). These sources confirm that Mr. Weiss is an experienced attorney who specializes in ADA cases.

Other courts in this District have found $350 to be a reasonable hourly rate for work performed by Mr. Weiss and other attorneys for their services in other similar ADA cases. *See*

---

[1] Under *Johnson*, courts consider the following factors in determining whether requested attorney's fees are reasonable:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions presented;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

*Munoz v. Calle*, No. 21-20448-Civ-Scola, 2021 WL 1700405, at *2 (S.D. Fla. Apr. 29, 2021) (reducing requested hourly rate of $450 to $350 as reasonable hourly rate for work performed in "straightforward ADA action" involving entry of default judgment where defendant failed to respond); *Cohan v. Baby Marathon*, LLC, No. 20-60185-Civ-Williams/Valle, 2020 WL 6731041, at *4 (S.D. Fla. Oct. 27, 2020), report and recommendation adopted, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020) (reducing attorney Weiss' requested hourly rate from $375 to $350 in ADA case); *Cohan v. Interzone, Inc.*, No. 18-80522-Civ-Rosenberg/Reinhart, 2019 WL 11000201, at *2 (S.D. Fla. Mar. 29, 2019) report and recommendation adopted, 2019 WL 11000202 (S.D. Fla. Apr. 23, 2019) (reducing attorney Weiss' requested hourly rate from $375 to $350 in ADA case).

I have considered the relevant factors, counsel's affidavit, counsel's time records, and the record in this case. Based on this review and my own independent judgment, and consistent with other district court rulings in this District, I find that a reduction in Mr. Weiss' hourly rate from $375 to $350 is appropriate.

Plaintiff also seeks compensation for paralegal work at an hourly rate of $175. I find this hourly rate to be reasonable and consistent with awards for paralegal work in this District. *See Cohan v. SNJ Petroleum, Inc.*, No. 19-Civ-81077, 2020 WL 1844203, at *3 (S.D. Fla. Mar. 10, 2020) (finding that an hourly rate of $175 for paralegal work was reasonable in an ADA case). Thus, I find that the paralegal's $175 hourly rate is reasonable.

    2.    ***Reasonable Hours Expended***

I turn next to the reasonableness of the hours expended in this case. As a general rule, attorneys must exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). That means excluding from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill

to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301. "[I]f fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Plaintiff seeks compensation for 7.5 hours of attorney work, which consisted of performing research, drafting legal documents, reviewing court documents, and communicating with Plaintiff. DE 9-1 at 3-4. I find the attorney time spent on these tasks to be recoverable. A total of 7.5 attorney hours on a default ADA case is not unreasonable and is consistent with similar cases. *See Cohan v. Baby Marathon, LLC*, No. 20-60185-Civ-Williams/Valle, 2020 WL 6731041, at *4 (collecting cases finding 9 to 12.9 hours of attorney time reasonable in default ADA cases).

Plaintiff also seeks compensation for 1.6 hours of paralegal work. "A court may award fees for the work of paralegals, but only to the extent they perform work traditionally done by an attorney." *Hansen*, 420 F. Supp. 2d at 1353. Any "work that is clerical or secretarial in nature is not separately recoverable." *Id.* Here, the time records show that the paralegal spent 1 hour "draft[ing] [the] summons and civil cover sheet," 0.2 hours "coordinat[ing] service of [the] complaint," and a combined total of 0.4 hours "filing" documents. DE 9-1 at 3-4. Other than the one hour spent drafting the summons and civil cover sheet, all other tasks performed by the paralegal are clerical, not "work traditionally done by an attorney," and are therefore not recoverable. *See Cohan v. Baby Marathon, LLC*, No. 20-60185-Civ-Williams/Valle, 2020 WL 6731041, at *5 (awarding fees to Mr. Weiss' paralegal only for time spent preparing summons, complaint and civil cover sheet and denying paralegal fees for clerical or secretarial tasks that require to legal skill or training, such as scheduling, filing, and e-filing).

Accordingly, based on the foregoing I find it reasonable to award Plaintiff a total of $2,800 (7.5 attorney hours x $350 hourly rate + 1 paralegal hour x $175 hourly rate = $2,800) as compensation for attorney and paralegal work performed in this ADA case.

**C.     Costs**

In addition to attorney and paralegal fees, Plaintiff also requests $558 in costs and a $1,900 expert fee, for a total of $2,458 in costs and litigation expenses. DE 9-1 at 5.

Plaintiff's requested costs consist of filing fees ($400), process server fees ($150), postage fees ($5), and copy fees ($3), totaling $558. These costs are reasonable and recoverable under 28 U.S.C. § 1920 and as "advancement of litigation" under 42 U.S.C. § 12205. Plaintiff should thus be awarded $558 in costs ($400 + $150 + $5 + $3 = $558).

Plaintiff's request for expert fees is another story. While it is true that a prevailing ADA plaintiff may recover expert fees as a litigation expense, *Hansen*, 420 F. Supp. 2d at 1353, Plaintiff's expert fee request is unsupported by any detailed documentation, such as a supporting invoice or an expert fee schedule. The Motion offers no supporting detail or justification regarding expert services. For example, Plaintiff does not specify the nature of the expert's work, what rates were charged, or the date of completion. Where a party fails to sufficiently support a request for expert fees, courts either deny expert fees altogether or reduce the fees by a percentage. *See Cohan v. Baby Marathon, LLC*, No. 20-60185-Civ-Williams/Valle, 2020 WL 6731041, at *5 (collecting cases and denying similar request for $1,900 in expert fees in ADA case involving Mr. Weiss. Here, I recommend that the requested expert fee ($1,900) be denied altogether.

## CONCLUSION

Based upon the foregoing, I respectfully **RECOMMEND** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendant, DE 9, be **GRANTED IN PART** and that a final

default judgment be entered in Plaintiff's favor. I further **RECOMMEND** that Plaintiff be **AWARDED** a total amount of $2,800 in attorney's fees plus $558 in costs.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 5th day of January, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE